# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Michael A. Hammer**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 3053<br>Newark, NJ 07102<br>(973) 776-7858 |

November 15, 2011

### LETTER OPINION & ORDER

Randy M. Growalt, pro se
329 Wagraw Road, Unit 8
Hawthorne, NJ 07506

    RE:    **Growalt v. The Stop & Shop Supermarket Co., LLC, et al.**
               **Civil Action No. 11-5882 (FSH)**

Dear Litigants:

Presently before the Court is Plaintiff's October 11, 2011, application for pro bono counsel under 28 U.S.C. § 1915(e)(1). For the reasons set forth below, Plaintiff's request is denied without prejudice.

### Background

On October 11, 2011, Plaintiff filed a Complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, and an application to proceed in forma pauperis. (Compl., Oct. 11, 2011, ECF No. 1.) Plaintiff alleges that Defendants terminated his employment for disability discrimination. (Id. ¶¶ 9–10.)

On that same day, Plaintiff also filed an application for pro bono counsel. (Pro Bono Application, Oct. 11, 2011, ECF No. 2.) Plaintiff states that (a) he is being treated for depression, bi-polar tendencies, and pedophilia; (b) he has no legal experience and cannot present a case without counsel; (c) the legal issues are complex as he "is claiming discrimination against disabilities not challenged at this level before"; (d) he has no way of accessing documents held by Defendants; and (e) he "does not want [his] criminal record to play into credibility issues." (Id. at Question 3.) Plaintiff also states that "no one will take on a case for a registered sex offender without large retainers unaffordable to plaintiff." (Id. at Question 4.)

1

On October 17, 2011, the Court granted Plaintiff in forma pauperis status, but determined that Plaintiff's Complaint was frivolous because it raised no federal grounds upon which relief could be granted. (Order, Oct. 17, 2011, ECF No. 3.) The Court directed Plaintiff to filed an Amended Complaint by November 17, 2011, or the Court would dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (Id.)

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, the Court considers the framework established in Tabron v. Grace. Montgomery, 294 F.3d at 498–99. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron 6 F.3d at 155.) If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F3d at 157–58. Also, the Court of Appeals of the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (Parham, 126 F.3d at 458.)

Here, the Court has determined that Plaintiff's Complaint, as presently framed, is frivolous. (Order, Oct. 17, 2011.) Accordingly, Plaintiff's pro bono application fails as Plaintiff's claim has no "arguable merit in fact and law." Montgomery, 294 F.3d at 498–99 (citing Tabron 6 F.3d at 155.) But even if the Court assumed that Plaintiff's application has merit, consideration of the Tabron factors does not demonstrate that appointment is warranted at

this time.

      First, Plaintiff has not demonstrated that he will be unable to present his case.  When considering a plaintiff's ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement.  Id.  Here, Plaintiff does not offer any information about his education, but his in forma pauperis application states that he has twelve years of schooling.  (In Forma Pauperis Application at Question 13, Oct. 11, 2011, ECF No. 1.)  Nevertheless, Plaintiff's submissions are cogent, which indicates that Plaintiff can request relief and express a basis for that relief.  Also, Plaintiff is being treated for psychological issues, but does not indicate that these issues are so severe that he is unable to present his case.  See, e.g., Bondarenko v. Hackensack Univ. Med. Ctr., Civ. No. 07-3753, 2009 WL 2905373, at *2 (D.N.J. Sept. 4, 2009) (observing that a plaintiff's treatment for depression did not impair his ability to be coherent and respond effectively).  Also, to the extent that Plaintiff does not want his criminal record to affect credibility issues, a desire for a particular outcome on an evidentiary issue is not a basis for appointment of counsel.  Further, Plaintiff states that he has no legal experience, but this is insufficient by itself to warrant counsel.[1]  Accordingly, this factor does not favor appointment of counsel.

      Second, Plaintiff's claims do not involve complex legal issues.  Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981); accord Montgomery, 294 F.3d at 502.  Court also consider "the proof going towards the ultimate issue and the discovery issues involved."  Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502–03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case).  Here, Plaintiff's factual claims are easy to understand, and claims of employment discrimination do not necessarily warrant appointment of counsel.  See Bondarenko, 2009 WL 2905373, at *3.  But see Gonzalez v. Passaic Cnty. Prob., Civ. No. 04-3001, 2005 WL 2077294, at *6 (D.N.J. Aug. 25, 2005) (finding that shifting burden of a Title VII claim is a "complex legal issue").  At this stage of the litigation, the complexity of the legal issues are not yet apparent.  See, e.g., Pressley v. E. Dist. Precinct, Civ. No. 09-3215, 2010 WL 988722, at *1 n.3 (D.N.J. Mar. 15, 2010).  Accordingly, this factor weighs against Plaintiff as his claims do not present complex legal issues at this time.

      Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel.  Plaintiff is no longer incarcerated and nothing

---

[1] Although the Court takes Plaintiff at his word that he has no legal experience, the public docket contains two cases with a "Randy Growalt" as the plaintiff.  See Growalt v. Hayman, Civ. No. 07-491 (D.N.J. filed Jan. 30, 2007); Glenn v. Hayman, Civ. No. 07-112 (D.N.J. filed Jan. 9, 2007).  If Plaintiff reapplies for appointment of pro bono counsel, the Court directs Plaintiff to explain any inconsistency.

suggests that discovery in this case would be complicated. Cf. Tabron, 6 F.3d at 156 (considering the extent that confined parties may face problem when confronted with extensive discovery and compliance with complex discovery rules). If this case proceeds, Plaintiff will have access to the discovery tools in Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Thus, this factor also weighs against appointment.

Fourth, it is premature for the Court to conclude, that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. Here, Plaintiff's Complaint annexes a grievance letter indicating that there are different accounts of Plaintiff's termination. (See Pl.'s Letter re: Wrongful Termination Grievance, dated Nov. 25, 2010, ECF No. 1.) Nevertheless, no defendant has entered this case, let alone offered a defense, and thus it is too early to conclude that this case will be "solely" a swearing contest. Likewise, Plaintiff's concern that his criminal record will impact his credibility as an evidentiary issue is also premature. Accordingly, this factor also weighs against appointment.

Fifth, there is no indication this case will require expert testimony, and thus this factor does not favor appointment.

Sixth, Plaintiff's assertions regarding his capacity to retain counsel are insufficient. Plaintiff has in forma pauperis status, but Plaintiff has not described any efforts to obtain counsel on his own. Plaintiff only states that "no one will take on a case for a registered sex offender without large retainers unaffordable to plaintiff." (Pro Bono Application at Question 4.) Accordingly, this factor does not favor appointment. Cf. Montgomery, 294 F.3d at 505 (considering in forma pauperis status); Parham, 126 F.3d at 461 (stating that there was no evidence plaintiff could have afforded counsel and that he made every effort possible to do so).

## Conclusion

For all these reasons, the Court denies Plaintiff's application for the appointment of pro bono counsel without prejudice.

If Plaintiff reapplies for appointment of pro bono counsel in this case, Plaintiff must state if he has had any involvement in the following case: (1) Growalt v. Hayman, Civ. No. 07-491 (D.N.J. filed Jan. 30, 2007); (2) Glenn v. Hayman, Civ. No. 07-112 (D.N.J. filed Jan. 9, 2007).

**So Ordered**,

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE